UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRIAN CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO.: 3:22-cv-00301 |
| v. ) | |
| ) | CHIEF JUDGE CRENSHAW |
| BRETTON KEEFER, on behalf of the deceased, ) | MAGISTRATE JUDGE NEWBERN |
| CHESTA SHOEMAKER, ) | |
| AFSOON HAGH, and ) | |
| JEANNE BURTON, Trustee on behalf of ) | |
| CUMMINGS MANOOKIAN, PLC, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JAMES W. PRICE, JR.

1. This lawsuit concerns the division of attorneys' fees in a case settled in the Circuit Court for Davidson County, Tennessee, Docket Number: 19C358 . Following the Order settling this case, the Plaintiffs received their entire award but the attorneys' fees at issue were held in trust to resolve an issue concerning attorneys' fees between the Plaintiff's attorneys.

2. The Plaintiff, Brian Cummings, is an attorney who represented the Plaintiff in the original case for several years before withdrawing. Upon his withdrawal, he filed a Notice for Attorney's Lien pursuant to T.C.A. §29-22-102. This lawsuit is to resolve that attorney's fee lien.

3. The Defendant, Brian Keefer, is a nominal Defendant in this case having no financial interest, however, because he was the original Plaintiff in the case, he is believed to be a necessary party even if only in a technical sense.

4. Defendant, Afsoon Hagh, is an attorney licensed to practice in the State of Tennessee, who also represented the original Plaintiff for a period of time, including at the time of the settlement of the case.

5. The Trustee, Jeanne Burton, is a necessary party in this because she is the Trustee in bankruptcy for Cummings Manookian, PLC, a law firm which represented the Plaintiff in the case for a short period of time.

6. After the Trustee was joined by an amended pleading, the Trustee in Bankruptcy removed this case to the Federal Court pursuant to the Federal Rules of Civil Procedure.

7. The Plaintiff has attempted numerous times to serve the Defendant, Afsoon Hagh, and each attempt has been unsuccessful. Counsel attempted twice to serve the Defendant through certified mail at her address which is registered with the Board of Professional Responsibility with the State of Tennessee. In each of those cases, the certified mail was refused. The Plaintiff then has attempted to serve Plaintiff by personal process, however, no one would come to the door when the service of process was attempted.

8. Defendant Hagh is represented by local counsel in the bankruptcy proceeding referred to above and when Plaintiff's counsel asked her counsel in that matter if he would accept service of process for his client, that counsel stated that he did not have the authority to do so.

9. Counsel has previously attempted to contact Ms. Hagh by telephone but his messages are not returned and his emails have been blocked. Counsel believes Ms. Hagh is aware of this lawsuit and is attempting to avoid process in order to run the ninety (90) day requirement under Rule 4.

-2-

Case 3:22-cv-00301   Document 19   Filed 06/27/22   Page 2 of 4 PageID #: 97

10. If counsel is granted an additional ninety (90) days, he will make one additional further attempt to serve the Defendant by private process and if unsuccessful will ask the Court pursuant to Rule 4 to appoint the U.S. Marshal to serve the Defendant and/or to schedule a show cause hearing regarding why Attorney Hagh will not facilitate the service of process on her.

11. The Plaintiff has attempted to serve the Defendant, Bretton Keefer. These attempts included (1) asking Attorney Hagh, who communicated that she represents Mr. Keefer on the attorney's lien issue, to accept service of process on his behalf and once she would not agree to accept service on her client's behalf, (2) by personal process on Mr. Keefer. Mr. Keefer's last known address is at a religious community located in Tennessee. This is a gated community which has restricted access. Plaintiff's private process server recently attempted unsuccessfully to serve Mr. Keefer at that compound. Plaintiff's process server noted that most of the people there appeared to be heavily armed and the server had some concern for his personal safety. The process server was informed by the religious leader that Mr. Keefer was not present.

12. Counsel believes that Ms. Hagh, who has represented Mr. Keefer, knows his location.

For the foregoing reasons, though attempting diligently, counsel has been unable to make service and requests additional time to obtain service.

Respectfully submitted,

/s James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff Cummings
Price, Hill & Kolarich
Suite 1800, 201 4th Avenue North
Nashville, TN 37219
(615) 244-5772

-3-

## CERTIFICATE OF SERVICE

      I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 27th day of June, 2022, to Bretton Keefer, 5960 Pumpkintown Road, Lafayette, TN 37083; Afsoon Hagh, Hagh Law, PLC, 1906 Glen Echo Road, #150229, Nashville, TN 37215; and Phillip G. Young, Jr., Thompson Burton PLLC, 6100 Tower Circle, Ste. 200, Franklin, TN 37067.

                                      /s    James W. Price, Jr.
                                      James W. Price, Jr.