UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN CUMMINGS,

    Plaintiff,

v.

BRETTON KEEFER et al.,

    Defendants.

Case No. 3:22-cv-00301

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## **ORDER**

Plaintiff Brian Cummings has filed a "Motion for Service of Process on Defendant By U.S. Marshal" under Federal Rule of Civil Procedure 4(c)(3) (Doc. No. 24).

Rule 4(c)(3) provides that,

> [a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3). Plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)."If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment; *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. updated Apr. 2022) ("Although 'discretionary' service by marshal is typically for situations involving hostile defendants, courts may allow its use in other circumstances.").

It is not clear from Cummings's motion or his counsel's supporting declaration (Doc. No. 25) which defendant or defendants Cummings wants the Marshal to serve and what steps Cummings has taken to accomplish service without the Court's intervention. The motion's title and final sentence refer to a single "defendant," but the motion's first sentence refers to multiple "defendants." (Doc. No. 24, PageID# 110.) The only defendant identified by name in the motion is Defendant Afsoon Hagh. (*Id.*) Cummings's counsel's deposition describes unsuccessful efforts to send a request for waiver of service of process to Hagh by mail at her business and last known residential address and to serve Defendant Bretton Keefer by mail at his last known residential address. (Doc. No. 25.) Adding to the confusion is the fact that the service efforts described in this declaration differ from the service efforts Cummings's counsel previously described in a declaration filed in support of an earlier motion to extend the service period. (Doc. No. 19.)

Because it is not clear from Cummings's motion which defendant or defendants he wants the Marshal to serve and what steps he has already taken to effect service on those defendants, Cummings's motion (Doc. No. 24) is DENIED WITHOUT PREJUDICE to refiling. If Cummings elects to file a second motion, he should ensure that it clearly identifies the relief he requests and the reasons why that relief is appropriate.

It is so ORDERED.


ALISTAIR E. NEWBERN
United States Magistrate Judge