UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BRIAN CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO.: 3:22-cv-00301 |
| v. ) | |
| ) | CHIEF JUDGE CRENSHAW |
| BRETTON KEEFER, on behalf of the deceased, ) | MAGISTRATE JUDGE NEWBERN |
| CHESTA SHOEMAKER, ) | |
| AFSOON HAGH, and ) | |
| JEANNE BURTON, Trustee on behalf of ) | |
| CUMMINGS MANOOKIAN, PLC, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JAMES W. PRICE, JR.

1. This lawsuit concerns the division of attorneys' fees in a case settled in the Circuit Court for Davidson County, Tennessee, Docket Number: 19C358. Following the Order settling this case, the Plaintiffs received their entire award but the attorneys' fees at issue were held in trust to resolve an issue concerning attorneys' fees between the Plaintiffs' attorneys.

2. The Plaintiff, Brian Cummings, is an attorney who represented the Plaintiffs in the original case for several years before withdrawing. Upon his withdrawal, he filed a Notice for Attorney's Lien pursuant to T.C.A. §29-22-102. This lawsuit is to resolve that attorney's fee lien.

3. The Defendant, Brian Keefer, is a nominal Defendant in this case having no financial interest, however, because he was the original Plaintiff in the case, he is believed to be a necessary party even if only in a technical sense.

4. Defendant, Afsoon Hagh, is an attorney licensed to practice in the State of Tennessee, who also represented the original Plaintiff for a period of time, including at the time of the settlement of the case.

5. The Trustee, Jeanne Burton, is a necessary party in this because she is the Trustee in bankruptcy for Cummings Manookian, PLC, a law firm which represented the Plaintiff in the case for a short period of time.

6. After the Trustee was joined by an amended pleading, the Trustee in Bankruptcy removed this case to the Federal Court pursuant to the Federal Rules of Civil Procedure.

7. The Plaintiff has attempted numerous times to serve the Defendant, Afsoon Hagh, and each attempt has been unsuccessful. Counsel attempted twice to serve the Defendant through certified mail at her address which is registered with the Board of Professional Responsibility with the State of Tennessee. In each of those cases, the certified mail was refused. The Plaintiff then has attempted to serve Defendant by personal process at both the business address as registered with the Tennessee Board of Professional Responsibility and her last known residence, however, no one would come to the door when counsel's agent for process knocked on the doors or would otherwise respond.

8. Defendant Hagh is represented by local counsel in the bankruptcy proceeding referred to above and when Plaintiff's counsel asked her counsel in that matter if he would accept service of process for his client, that counsel stated that he did not have the authority to do so.

9. Counsel has previously attempted to contact Ms. Hagh by telephone but his messages are not returned and his emails have been blocked. Counsel believes Ms. Hagh is

–2–

aware of this lawsuit and is attempting to avoid process in order to run the ninety (90) day requirement under Rule 4.

10. The Defendant Hagh has a history of this behavior as evidence by an order of the Circuit Court for Davidson County, Tennessee, which is attached hereto.

11. Counsel mailed the defendant at her business address as registered with the Tennessee Board of Responsibility and also at her last known residence, with a request for waiver as provided for in Rule 4, FRCP on June 28, 2022. The USPS shows an electronic delivery of the waiver but the defendant has not responded.

12. Counsel has exhausted all regular attempts at service and believes only the U.S. Marshal or his designated deputy can serve the defendant.

13. On the 28th Day of June, 2022, this Court granted the Plaintiff's motion for an additional 90 days to effect service, but as set forth in this Declaration, counsel, despite acting with due diligence, has been unable to serve the Defendant Hagh and needs a second extension of 90 days to attempt service.

Respectfully submitted,

/s James W. Price, Jr.
James W. Price, Jr., #3538
Attorney for Plaintiff Cummings
Price, Hill & Kolarich
214 2nd Ave. N., Ste. 205
Nashville, TN 37201
(615) 244-5772

**CERTIFICATE OF SERVICE**

      I certify that a true and exact copy of the foregoing document was delivered by electronic court filing or first class mail on this the 13th day of September, 2022, to:

      Bretton Keefer
      5960 Pumpkintown Lane
      Lafayette, TN 37083

      Afsoon Hagh
      Hagh Law PLC
      226 Pelham Dr.
      Brentwood, TN 37027

      Afsoon Hagh
      2016 Sunset Hills Terrace
      Nashville, TN 37215

      Phillip G. Young, Jr.
      Thompson Burton PLLC
      6100 Tower Circle, Ste. 200
      Franklin, TN 37067

      /s/ James W. Price, Jr.
      James W. Price, Jr.

–4–

Case 3:22-cv-00301  Document 28  Filed 09/13/22  Page 4 of 4 PageID #: 123