COPY

IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DAVID ROSDEUTSCHER, M.D. and CUMBERLAND PLASTIC SURGERY, P.C., DIXIE COOPER, ESQ.; MATTHEW CLINE, ESQ.; CUMBERLAND LITIGATION, PLLC <br><br> Defendants. | Docket No. 21C2305 <br> Jury Demand (12) |

**[PROPOSED] ORDER GRANTING DEFENDANTS'**
**MOTION FOR SANCTIONS**

This matter came before the Honorable William Acree, Judge for the Circuit Court of Davidson County, Tennessee on June 27, 2022, for an evidentiary hearing on Defendants' Rule 11 Motion for Sanctions. Considering the oral argument of Defendants, the parties' written submissions, the testimony at the hearing, and the entire record in this case, Defendants' Motion for Rule 11 Sanctions is GRANTED for the reasons set forth below:

Previously, this Court granted Defendants' Motion to Dismiss the case. Defendants also filed a Motion for Rule 11 Sanctions against Afsoon Hagh, the attorney representing Plaintiff, and the Court set an evidentiary hearing on the Motion for Sanctions for June 27, 2022. The Court previously determined Defendants reasonably and necessarily incurred attorneys' fees under Tenn. Code Ann. § 20-12-119 in the statutory maximum of $10,000. This Motion for Sanctions seeks attorneys' fees and expenses in excess of that $10,000.

Ms. Dixie Cooper and Mr. Matthew Cline both testified at the hearing on June 27 under oath.[1] The Court relies upon the testimony of those two witnesses and also upon the record in this case.

Ms. Hagh did not appear at the evidentiary hearing on June 27, although she had notice of the hearing. The evidentiary hearing was set in open court on April 14, 2022 when she was present, and she agreed to the hearing date. She did file a written answer to the Motion for Sanctions, simply alleging that the Motion for Sanctions was frivolous. She had earlier filed a Motion to Continue the hearing, which was heard by telephone on June 20, and the Court denied the Motion to Continue and found that Ms. Hagh had been served with a subpoena to testify at the evidentiary hearing on June 27. At the telephone hearing on June 20, Ms. Hagh was represented by Attorney Craig Gabbert. He agreed to accept service of the subpoena for Ms. Hagh to appear at the evidentiary hearing on June 27, 2022. Defense counsel then served him with a copy of the subpoena via email on June 20. Neither Mr. Gabbert nor Ms. Hagh appeared at the evidentiary hearing on June 27, and the Court waited an additional 30 minutes after the scheduled start of the hearing for them to appear. They did not. Defense counsel informed the Court that earlier in the morning on June 27, Mr. Gabbert emailed defense counsel stating he was no longer representing Ms. Hagh. However, there has been no Motion to Withdraw filed by him, nor has there been an Order been entered, granting Mr. Gabbert permission to withdraw. In any event, neither Ms. Hagh nor Mr. Gabbert appeared at the hearing.

---

[1] This testimony has been filed into the record.

COPY

The genesis of this case was a healthcare liability lawsuit against Dr. Rosdeutscher and Cumberland Plastic Surgery, P.C. Dr. Rosdeutscher and his group are represented in that underlying case by Ms. Cooper and Mr. Cline. In the underlying healthcare liability case, Plaintiff, who is identified in this case as Jane Doe, alleged that the doctor was negligent in his treatment of her when he performed surgery upon her breasts. As a part of the medical record in that case, photographs were taken of Plaintiff's breast by Dr. Rosdeutscher or a member of his staff and placed in the medical records filed, and the records also contained other information one might consider to be sensitive.

In this suit, Plaintiff, Jane Doe, is alleging that Ms. Cooper and Mr. Cline improperly displayed or made public those photographs of her breasts, along with other allegedly sensitive information, by filing the medical records in the underlying healthcare liability action.

In the originally filed healthcare liability case (Plaintiff nonsuited and then refiled it), sanctions were awarded against Ms. Hagh and her husband, Brian Manookian, who at that time was a practicing attorney representing Plaintiff with Ms. Hagh. Since that time, the record reflects that Mr. Manookian has been suspended from the practice of law. The sanctions in that prior case were in the amount of approximately $70,000 and have not been paid, although the funds are apparently being held in escrow.

After this Jane Doe suit was filed, Defendants filed a Motion to Dismiss the case, which this Court granted. The Court found that there was no factual or legal basis for bringing of this suit, and it was dismissed in its entirety. The Court found that there was neither case law, nor statutory law that would prohibit the filing of medical records in a

COPY

healthcare liability case as was done by Defendants. The Order granting the Motion to Dismiss also included other reasons the case is frivolous, such as the statute of limitations. The case was dismissed, but the Rule 11 Motion for Sanctions remained pending.

> T.R.P.C Rule 11. 11.02 provides in pertinent part:
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;…

Rule 11.03 is the section dealing with sanctions and provides as follows:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.
>
> (1) How Initiated.
>
> (a) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or

4

COPY

denial is not withdrawn or appropriated [*sic*] corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(b) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing an attorney, law firm, or party to show cause why it has not violated subdivision 11.02 with respect thereto.

(2) Nature of Sanctions; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(a) Monetary sanctions may not be awarded against a represented party for a violation of subdivision 11.02(2).

(b) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

As a threshold matter, the Court finds that the Motion for Sanctions was served upon Ms. Hagh within the time proscribed by Rule 11 prior to filing and was filed as a separate Motion.

As previously stated, the Court dismissed this case because it found that the Complaint failed to state a claim upon which relief can be granted. There was no law whatsoever to support the contentions being made by Plaintiff in this case. *See* Tenn. R.

5

COPY

Civ. P. 11.02(2). This suit is frivolous; the Court does not know if it has ever seen a suit that is as a frivolous as this case.

Based upon the record before the Court, there is no evidentiary basis for the factual allegations of the Complaint. *See* Tenn. R. Civ. P. 11.02(3).

The Court finds that the reason the suit was filed was as retaliation to Defendants and to intimidate them based on the prior interactions with Ms. Hagh in the underlying healthcare liability action. As previously stated, in the underlying medical malpractice case, Judge Jones awarded sanctions of approximately $70,000 against Ms. Hagh and her husband, Mr. Manookian. In the viewpoint of this Court and based upon the evidence presented, this suit was filed simply in retaliation for the sanctions entered against Ms. Hagh and Mr. Manookian in the prior case. *See* Tenn. R. Civ. P. 11.02(1).

The Court finds that sanctions under Rule 11 are appropriate in this case, in addition to the $10,000 provided for under Tenn. Code Ann. § 20-12-119. The Court also finds that the full amount of attorneys' fees is necessary under Rule 11 to deter repetition of such conduct by others simply situated and also to deter repetition of such conduct by Ms. Hagh in the future.

The Court has reviewed the attorney billing invoices submitted under seal by Defendants and finds that those fees are reasonable and were necessarily incurred as a direct result of Ms. Hagh's violation of Rule 11. Those fees, including expenses, total $42,151.67. Defendants are awarded attorney fees in that amount against Ms. Hagh and Hagh Law PLLC, less the $10,000 provided for under Tenn. Code Ann. § 20-12-119, for

a total of $32,151.67, for which execution may issue if necessary. Ms. Hagh shall pay these sanctions within 30 days of entry of this Order.

    IT IS SO ORDERED.

8/5/22
DATE

HONORABLE WILLIAM ACREE

APPROVED FOR ENTRY:

/s/ Matthew H. Cline
**Dixie W. Cooper, #16547**
**Matthew H. Cline, #31076**
Cumberland Litigation, PLLC
5005 Maryland Way
Suite 225
Brentwood, TN 37027
Dixie@cumberlandlitigation.com
Matt@cumberlandlitigation.com
Phone: (615) 266-6976
Fax:   (615) 266-6918

*Attorneys for Defendants*

7

COPY

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the above court electronically via the Davidson County Circuit Court E-Filing system on the 2nd day of August, 2022. Electronic filers will receive service by Metroefile@nashville.gov. A courtesy copy is being emailed to the Court directly in Word format.

Afsoon Hagh
Hagh Law PLLC
1906 Glen Echo Road, No. 150229
Nashville, Tennessee 37203
afsoon@haghlaw.com

*Counsel for Plaintiff*

Judge Acree
Judge.bill.acree@tncourts.gov
Gunner.Garner@tncourts.gov

Craig Gabbert
Robert Cooper
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
CGabbert@bassberry.com
Bob.Cooper@bassberry.com

*Counsel for Afsoon Hagh*

/s/ Matthew H. Cline
**Matthew H. Cline**