UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS,<br><br>　　Plaintiff,<br><br>v.<br><br>BRETTON KEEFER, on behalf of the deceased Chesta Shoemaker, et al.,<br><br>　　Defendants. | Case No. 3:22-cv-00301<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

# ORDER

　　Plaintiff Brian Cummings has filed a renewed motion asking the Court to order the U.S. Marshals Service to effect service of process on Defendant Afsoon Hagh under Federal Rule of Civil Procedure 4(c)(3) and to extend the deadline for service of process under Rule 4(m). (Doc. No. 29.) In support of the motion, Cummings's counsel states that he "has exhausted all regular attempts at service" (Doc. No. 28, PageID# 122, ¶ 12), including twice attempting "to serve [Hagh] through certified mail at her address which is registered with the Board of Professional Responsibility with the State of Tennessee[,]" but "the certified mail was refused" (*id.* at PageID# 121, ¶ 7).

　　Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) provides for service of a summons and complaint by registered or certified mail under certain circumstances.

Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.04(11) addresses service by mail when an addressee or an addressee's agent refuses to accept delivery:

> When service of a summons, process, or notice is provided for or permitted by registered or certified mail under the laws of Tennessee and the addressee or the addressee's agent refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the action shall be deemed an actual and valid service of the summons, process, or notice. Service by mail is complete upon mailing.

Tenn. R. Civ. P. 4.04(11); *see also* Tenn. R. Civ. P. 4.04(10) ("Service by mail shall not be the basis for the entry of a judgment by default unless the record contains either: (a) a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute; or (b) a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11)."). If Cummings has effected service as provided for by these rules, service by the U.S. Marshals Service under Rule 4(c)(3) and an extension of the service deadline under Rule 4(m) may be unnecessary.

Accordingly, Cummings is ORDERED to file a notice by September 21, 2022, addressing whether his service attempts on Hagh satisfy Tennessee Rule of Civil Procedure 4.04(11) and Federal Rule of Civil Procedure 4(e)(1).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge