UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN CUMMINGS,<br><br>　　Plaintiff,<br><br>v.<br><br>BRETTON KEEFER et al.,<br><br>　　Defendants. | Case No. 3:22-cv-00301<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## ORDER

Plaintiff Brian Cummings has filed motions asking the Court to extend the deadline for effecting service for process on Defendants Afsoon Hagh and Bretton Keefer under Federal Rule of Civil Procedure 4(m) and asking the Court to order the U.S. Marshals Service to effect service of process on Hagh under Federal Rule of Civil Procedure 4(c)(3). (Doc. Nos. 29, 31.) Neither Hagh nor Keefer has appeared in this action and no opposition to Cummings's motions has been filed.

Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Cummings's counsel has filed several declarations describing his attempts to serve Keefer and Hagh. (Doc. Nos. 19, 25, 28, 33.) In light of these diligent efforts, the Court finds good cause to extend the service deadline under Rule 4(m).

Rule 4(c)(3) provides that,

> [a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3). Courts recognize that this rule "give[s] the court discretion, '[a]t the plaintiff's request,' to order that service be made by a United States Marshal, even when a plaintiff does not qualify to proceed in forma pauperis." *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (second alteration in original) (quoting Fed. R. Civ. P. 4(c)(3)); *see also Vick v. Bernard*, No. 2:15-CV-116, 2018 WL 9811676, at *2 (E.D. Tenn. Mar. 26, 2018) (quoting *id.*). Plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983). "If a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment. While discretionary service by marshal under Rule 4(c)(3) "is typically for situations involving hostile defendants, courts may allow its use in other circumstances." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. updated Apr. 2022).

Cummings's counsel states that he has tried to serve Hagh by mail and in person on several occasions without success and has mailed Hagh requests to waive service of process to which Hagh has not responded. (Doc. Nos. 19, 25, 28, 33.) Counsel states that summonses he attempted to serve on Hagh via certified mail at an address that she provided were twice returned unclaimed.

(Doc. Nos. 28, 33.) Counsel sent an agent for service of process to Hagh's last known residence and to her business address registered with the Tennessee Board of Professional Responsibility, but "no one would come to the door when counsel's agent for process knocked on the doors or would otherwise respond." (Doc. No. 28, PageID# 121, ¶ 7.) Counsel has attempted to call and email Hagh regarding service, "but his [voice] messages are not returned and his emails have been blocked." (*Id.* at ¶ 9.)

Cummings attempted to serve Hagh by private means on several occasions and by using multiple available methods before requesting the Marshals Service's assistance under Rule 4(c)(3). The Court finds that ordering the Marshals Service to effect service of process on Hagh under Rule 4(c)(3) is a reasonable next step.

While Cummings's counsel states that he has attempted to serve Hagh at an address she registered with the Tennessee Board of Professional Responsibility, counsel has not provided that address. The Court takes judicial notice that Hagh's publicly available address on file with the Board of Professional Responsibility of the Supreme Court of Tennessee is 226 Pelham Drive, Brentwood, Tennessee 37027-4237.

Cummings requests an additional 90 days to serve Keefer and Hagh. The Court finds that a shorter extension is reasonable. Accordingly, Cummings's motions to extend the deadline for service of process on Keefer and Hagh (Doc. Nos. 29, 31) are GRANTED IN PART. The deadline to effect service of process on Keefer and Hagh is EXTENDED to November 28, 2022.

Cummings's motion for an order directing the Marshals Service to effect service of process on Hagh (Doc. No. 29) is GRANTED. The Clerk of Court is DIRECTED to reissue a summons to Hagh at the address provided above and forward the summons and a copy of Cummings's pleadings (Doc. No. 1-1) to the Marshals Service for service of process.

Because past attempts to serve Hagh by mail have not been successful, the Marshals Service is DIRECTED to effect service of process on Hagh in person.

The initial case management conference in this matter is set on October 4, 2022. Because it appears that neither Keefer nor Hagh will have appeared in the action by that date, the conference is CANCELLED. Cummings is ORDERED to move to reset the initial case management conference no later than 7 days after Keefer and Hagh have appeared in the action. If Keefer and Hagh remain unserved or otherwise do not appear in a timely manner, Cummings may move to reset the conference at an earlier date.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge