UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRIAN CUMMINGS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00301 |
| ) | |
| **BRETTON KEEFER, on behalf of the** ) | Chief Judge Waverly D. Crenshaw, Jr. |
| **deceased CHESTA SHOEMAKER,** ) | Magistrate Judge Alistair E. Newbern |
| **AFSOON HAGH, and** ) | |
| **JEANNE BURTON, Trustee on behalf** ) | |
| **of CUMMINGS MANOOKIAN, PLC,** ) | |
| ) | |
|     **Defendants.** ) | |

## MOTION TO DEEM SERVICE EFFECTIVE

Plaintiff Brian Cummings respectfully moves this Court to deem the U.S. Marshals Service's attempted service of process upon Defendant Afsoon Hagh to be effective service for purposes of Rule 4 of the Federal Rules of Civil Procedure. As grounds for this Motion, Plaintiff states that although Defendant Hagh is aware of this action, she is willfully evading service of process; that the October 11, 2022 service attempted by the U.S. Marshals Service was deliberately thwarted by Defendant Hagh's husband; and that although Defendant Hagh's husband had the service paperwork in his hand, he threw the summons from this Court into the Deputy U.S. Marshal's vehicle as part of Defendant's continued effort to evade service in this case.

In the alternative, Plaintiff asks this Court to extend the deadline to complete service on Defendant Hagh and enter an Order requiring Defendant Hagh—an attorney licensed to practice

law in the State of Tennessee—to provide information to facilitate service and prevent further waste of resources.[1]

This is a dispute concerning the division of a legal fee earned in a wrongful death action that was resolved at mediation approximately one year ago. The plaintiff in the underlying action, Bretton Keefer, was initially represented by three attorneys: Plaintiff Brian Cummings, Defendant Afsoon Hagh, and Defendant Hagh's husband Brian Manookian,[2] who has been suspended from the practice of law and was suspended for the majority of the time Mr. Keefer's lawsuit was pending. (See https://www.tbpr.org/attorneys/026455.)

On November 27, 2020, Plaintiff Cummings filed a Notice of Attorney's Lien in the underlying action. (See Exhibit 1.) On October 29, 2021, the bankruptcy trustee for Cummings Manookian, PLC filed a Notice of Attorney's Lien. (See Exhibit 2.) Following the settlement of the underlying action, on December 16, 2021, the trial court entered an Order dismissing Mr. Keefer's claims but retaining jurisdiction over the two attorney's liens. (See Exhibit 3.) That same day, Plaintiff Cummings filed a Motion for Status Conference concerning his lien. (See Exhibit 4.) Defendant Hagh, as counsel for Mr. Keefer, vigorously opposed this request, insisting that Plaintiff was required to seek relief in a separate action. (See Exhibits 5, 6, 7.) The trial court entered an Order on January 18, 2022, altering or amending its December 16, 2021 Order and finding that Plaintiff was required to address his attorney's lien in a separate proceeding. (See Exhibit 8.) After insisting that Plaintiff initiate a separate action to resolve the issues surrounding the division of

---

[1] All other Defendants have now been served.

[2] The marital relationship between Defendant Hagh and Brian Manookian is not in dispute—it was confirmed in a Joint Pretrial Statement filed by both Defendant Hagh and Mr. Manookian with the Bankruptcy Court for the Middle District of Tennessee on August 17, 2020. (See Joint Pretrial Statement, Adv. Proc. No. 3:20-ap-90002, Doc. No. 61, p. 1-2.)

legal fees in the underlying lawsuit, Defendant Hagh has actively evaded service of process in this separate lawsuit.

Plaintiff previously described his multiple efforts to serve Defendant Hagh in his Notice Regarding Service Efforts filed September 21, 2022 (Doc. No. 32):

1. Plaintiff's counsel initially made two attempts to serve Defendant Hagh via Certified Mail; however, both Certified Mail packages were ultimately returned to Plaintiff's counsel as "Unclaimed." (Doc. No. 32, PageID# 141-42; Doc. No. 33, PageID# 156-57, at ¶¶ 1-2.)

2. Plaintiff's counsel next engaged a private process server to complete service in person; however, no one would answer the door when service of process was attempted. (Doc. No. 19, PageID# 97 at ¶ 7; Doc. No. 32, PageID# 142.)

3. Plaintiff's counsel then sought consent to serve Defendant Hagh through attorney Craig Gabbert, who is currently representing her in the pending adversary proceeding related to the bankruptcy of Cummings Manookian, PLC; however, Defendant Hagh's counsel advised that he was not authorized to accept service in this case. (Doc. No. 19, PageID# 97 at ¶ 8; Doc. No. 32, PageID# 142.)

4. Plaintiff's counsel then mailed a Rule 4(d) request for waiver of service to Defendant Hagh at two different addresses—the address she registered with the Tennessee Board of Professional Responsibility and her last known home address. Although counsel received notice from the United States Postal Service that the requests were delivered, Defendant Hagh has not responded to the request for waiver. (Doc. No. 25, PageID# 112 at ¶ 1; Doc. No. 28, PageID# 122 at ¶ 11; Doc. No. 32, PageID# 142.)

3

Case 3:22-cv-00301   Document 43   Filed 11/16/22   Page 3 of 8 PageID #: 181

Following these unsuccessful attempts to serve Defendant Hagh, Plaintiff asked this Court to order the U.S. Marshals Service to serve the Defendant. (Doc. No. 29.) This Court found that ordering the Marshals Service to effect service of process was a reasonable next step, and granted Plaintiff's request. (Doc. No. 35, PageID# 163-64.) The Court took judicial notice that Defendant Hagh's publicly available address on file with the Board of Professional Responsibility of the Supreme Court of Tennessee is 226 Pelham Drive, Brentwood, Tennessee 37027-4237, and directed the Marshals Service to effect service of process on Defendant Hagh in person at that address. (Id.)

On October 25, 2022, the U.S. Marshals Service filed a Return of Service stating that the individuals at Defendant Hagh's address refused to accept service. (Doc. No. 39.) Deputy U.S. Marshal Capus noted the following on the Return: "#1 Male stated Subject has not lived there since June. #2 Male Subject told Deputy to leave and threw summons on the ground then into DUSM's car." (Doc. No. 39, PageID# 173.) Deputy U.S. Marshal Capus has identified the second male—the individual who threw the summons on the ground and then into Deputy U.S. Marshal Capus' car—as Defendant Hagh's husband, Brian Manookian. (Declaration of Elizabeth S. Tipping,[3] Nov. 16, 2022 ("Tipping Decl.") at ¶¶ 2-3.)

The Sixth Circuit has explained that "Rule 4 is a flexible rule which principally requires sufficient notice to the party of claims brought against it." Gottfried v. Frankel, 818 F.2d 485, 492-92 (6th Cir. 1987); see also Nashville Cmty. Bail Fund v. Gentry, 446 F. Supp. 3d 282, 299-300 (M.D. Tenn. 2020) (citing Gottfried and applying flexible interpretation to Rule 4(j)(2)(A) to find service effective); Dixie Rests., Inc. v. Philips Consumer Elecs. Co., 2005 U.S. Dist. LEXIS 44078,

---

[3] Plaintiff has submitted a request to the Office of General Counsel asking Deputy U.S. Marshal Capus to confirm this identification in writing so that it may be filed in this Court. (Tipping Decl. at ¶ 4.) Upon receipt of such written confirmation, Plaintiff will file it with the Court.

\*4 (W.D. Tenn. Feb. 18, 2005) (recognizing that "Courts construe provisions of Rule 4 liberally in order to uphold service, requiring only 'substantial compliance'"). Personal service does not require "in hand" delivery and acceptance of the papers. United States v. Granger, 2018 U.S. Dist. LEXIS 159287, \*6 (E.D. Tenn. Apr. 3, 2018). "Where a defendant attempts to avoid service *e.g.* by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant." Id. The District Court for the District of Columbia has noted that service of process should not become "a cat-and-mouse game," "a game of hide and seek," or "a game of wiles and tricks and a defendant should not be able to defeat service simply by refusing to accept the papers or instructing others to reject service." Ali v. Mid-Atlantic Settlement Servs., Inc. 233 F.R.D. 32, 35-36 (D.D.C. 2006).

Defendant Hagh and her husband and former co-counsel, Brian Manookian, have improperly turned the rules of service of process into a game of hide and seek, and this Court should find that the attempted service by the U.S. Marshals Service was effective service. Defendant Hagh has actual notice of this case. Not only did she insist that Plaintiff file this lawsuit, but she has received at least two copies of the Complaint through the Rule 4(d) requests to waive service delivered by the United States Postal Service to Defendant Hagh at two different addresses. (Doc. No. 25, PageID# 112 at ¶ 1; Doc. No. 28, PageID# 122 at ¶ 11.) She also has constructive notice of this case, as Plaintiff's counsel discussed this action with the attorney representing Defendant Hagh and her law firm in the pending bankruptcy proceeding for Cummings Manookian, PLLC. (Doc. No. 19, PageID# 97 at ¶ 8.)

The U.S. Marshals Service made reasonable efforts to serve the documents as ordered by this Court. Deputy U.S. Marshal Capus attempted service on Defendant Hagh at 226 Pelham Drive

in Brentwood, Tennessee, on October 11, 2022.[4] (Doc. No. 39, PageID# 173.) During this attempt, Deputy U.S. Marshal Capus interacted with two males, one of whom Deputy U.S. Marshal Capus has since identified as Defendant Hagh's husband. (Doc. No. 39, PageID# 173; Tipping Decl. at ¶¶ 2-3.) After telling Deputy U.S. Marshal Capus to leave, Defendant Hagh's husband threw the summons on the ground, and then threw it into the Deputy U.S. Marshal's car. (Doc. No. 39, PageID# 173.)

Enough is enough. This Court should not permit Defendant Hagh and her husband to defeat service by evading and refusing to accept a summons. Their behavior has become so extreme that Defendant Hagh's husband showed up at the registered location of Defendant Hagh's law office in order to physically and directly interfere with service of process by the U.S. Marshals Service. Plaintiff asks this Court to deem the October 11, 2022 attempt by the U.S. Marshals Service to be effective service for purposes of Rule 4.

In the alternative, Plaintiff asks this Court to enter an Order requiring Defendant Hagh to provide information to facilitate service and prevent further waste of resources. The District Court for the Western District of Michigan issued such an order in Boles v. Lewis, 2008 U.S. Dist. LEXIS 2701 (W.D. Mich. Jan. 14, 2008). The Boles Court explained that although the defendant had the right to have service effected upon him in a manner consistent with the applicable laws and rules, he was not permitted to willfully evade service of process. Id. at *3. As such, the Court ordered the defendant to perform one of four options to facilitate service and prevent further waste of the Court's resources. Id. at *4.

---

[4] Although the individual identified by Deputy U.S. Marshal Capus as "#1 Male" claimed that Defendant Hagh had not lived at the Pelham Drive address since June, Defendant Hagh continues to use that address as her law firm's address in court filings, including in a complaint filed five days after Deputy U.S. Marshal Capus attempted service. (See, e.g., Exhibits 9, 10.)

Under the circumstances of this case, it would be appropriate for this Court to issue an Order similar to that in <u>Boles</u>. Defendant Hagh is an attorney licensed to practice law in the State of Tennessee. She has actual knowledge of this action—indeed, she demanded that it be filed—yet she persists in evading service. This Court should enter an Order requiring Defendant Hagh to provide information to facilitate service and prevent further waste of resources. Plaintiff proposes that the Court's Order require Defendant Hagh to perform one of the following within ten days: (1) waive formal service of process; (2) authorize an agent to accept service of process and provide the identity and address of that person to the Court so that the U.S. Marshals Service can effect service; or (3) provide the Court with the address where the U.S. Marshals Service can effect service on Defendant Hagh in person, along with at least three dates and times when Defendant Hagh will be present at that address to accept service.

Finally, in the event that this Court does not deem the October 11, 2022 attempt to be effective service, pursuant to Fed. R. Civ. P. 4(m) and in light of the continued misbehavior of Defendant Hagh and her husband, Plaintiff asks that the Court extend the deadline to complete service upon Defendant Hagh.

Respectfully Submitted,

**COUNTERPOINT LEGAL, PLC**

By: /s/ Elizabeth S. Tipping
     Elizabeth S. Tipping, No. 023066
     Kristen M. Shields, No. 036438

2689 Union Hill Road
Joelton, TN 37080
(615) 426-5566
liz@counterpointlaw.com
kristen@counterpointlaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served on this the 16th day of November, 2022, via the Court's electronic filing system on the following:

Phillip G. Young, Jr.
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
phillip@thompsonburton.com

and via United States First Class mail, postage prepaid on the following:

Bretton Keefer
5554 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
226 Pelham Drive
Brentwood, Tennessee 37027-4237

                                                  /s/ Elizabeth S. Tipping