UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN CUMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00301 |
| | ) | |
| BRETTON KEEFER, on behalf of the | ) | Chief Judge Waverly D. Crenshaw, Jr. |
| deceased CHESTA SHOEMAKER, | ) | Magistrate Judge Alistair E. Newbern |
| AFSOON HAGH, and | ) | |
| JEANNE BURTON, Trustee on behalf | ) | |
| of CUMMINGS MANOOKIAN, PLC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR ENTRY OF DEFAULT
### AGAINST DEFENDANT AFSOON HAGH

As directed by the Court in its December 27, 2022 Order, Plaintiff Brian Cummings submits this Memorandum of Law in Support of his Motion for Entry of Default against Defendant Afsoon Hagh. As discussed below, service of process has been effected upon Defendant Hagh as required by law, and a default should be entered against her due to her failure to plead or defend within 21 days of service.

### PROCEDURAL HISTORY

This is a dispute concerning the division of a legal fee earned in a wrongful death action that was resolved at mediation nearly one and a half years ago. The plaintiff in the underlying action, Defendant Bretton Keefer, was initially represented by three attorneys: Plaintiff Cummings, Defendant Hagh, and Defendant Hagh's husband, Brian Manookian.[1] (Doc. No. 1-1,

---

[1] The marital relationship between Defendant Hagh and Mr. Manookian was confirmed in a Joint Pretrial Statement filed by both Defendant Hagh and Mr. Manookian with the Bankruptcy Court for the Middle District of Tennessee on August 17, 2020. (See Joint Pretrial Statement, Adv. Proc. No. 3:20-ap-90002, Doc. No. 61, p. 1-2.)

1

PageID# 20-22.) The three attorneys originally represented Defendant Keefer while practicing together at Cummings Manookian, PLC. (Id.) In September 2018, Plaintiff left Cummings Manookian and began practicing at Cummings Law. (Id.) From that time until October 2020, Plaintiff at Cummings Law and Defendant Hagh at Cummings Manookian jointly represented Defendant Keefer (Mr. Manookian was suspended from the practice of law for the majority of the time that Defendant Keefer's underlying lawsuit was pending). (Id.; see Declaration of Elizabeth S. Tipping in Support of Motion for Entry of Default Against Defendant Afsoon Hagh, filed herewith ("Tipping Decl. #3"), at Exhibit B)). On November 27, 2020, Plaintiff Cummings filed a Notice of Attorney's Lien in the underlying action. (Tipping Decl. #3 at Exhibit C.)

Defendant Hagh successfully demanded that the state court require Plaintiff to file this separate action to resolve the issues surrounding the division of legal fees in the underlying lawsuit.[2] However, after convincing the state court that a separate lawsuit was required, Defendant Hagh actively evaded service of process in this case. As described in Plaintiff Cummings' previous filings and summarized in his Motion to Deem Service Effective (Doc. No. 43, PageID# 181), Plaintiff attempted to serve Defendant Hagh via Certified Mail, via private process server, through counsel, and he also requested a waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (Doc. Nos. 19, 25, 28, 32, 33.) The Rule 4(d) request for waiver of service was successfully delivered to Defendant Hagh at two different addresses—the address she registered with the Tennessee Board of Professional Responsibility and her last known home address. (Doc. No. 25, PageID# 112 at ¶ 1; Doc. No. 28, PageID# 122 at ¶ 11; Doc. No. 32, PageID# 142.)

---

[2] After the settlement of the underlying action, Plaintiff Cummings filed a Motion for Status Conference concerning his lien. (See Tipping Decl. #3 at Exhibit D.) Defendant Hagh, as counsel for Mr. Keefer, vigorously opposed this request, insisting that Plaintiff was required to seek relief in a separate action. (See id. at Exhibits E, F, G.) The trial court entered an Order on January 18, 2022, finding that Plaintiff was required to address his attorney's lien in a separate proceeding. (See id. at Exhibit H.) This lawsuit followed.

Following these unsuccessful attempts to serve Defendant Hagh, Plaintiff asked this Court to order the U.S. Marshals Service to serve Defendant. (Doc. No. 29.) This Court found that ordering the Marshals Service to effect service of process was a reasonable next step and granted Plaintiff's request. (Doc. No. 35, PageID# 163-64.) The Court took judicial notice that Defendant Hagh's publicly available address on file with the Board of Professional Responsibility of the Supreme Court of Tennessee is 226 Pelham Drive, Brentwood, Tennessee 37027-4237, and directed the Marshals Service to effect service of process on Defendant Hagh in person at that address. (Id.)

On October 11, 2022, Deputy U.S. Marshal Robert Capus traveled to 226 Pelham Drive in Brentwood to serve Defendant Hagh as directed by the Court. (Doc. No. 45, PageID# 264 at ¶ 2.). Deputy U.S. Marshal Capus informed an adult male at the property that he was there to serve papers on Defendant Hagh.[3] (Id. at ¶ 3.) As Deputy U.S. Marshal Capus was speaking with this first individual, Defendant Hagh's husband, Mr. Manookian, arrived. (Id. at ¶ 4.) Mr. Manookian was irate when he arrived, and his behavior caused Deputy U.S. Marshal Capus to believe that Mr. Manookian would escalate their interaction to a physical confrontation. (Id. at ¶ 5.) Mr. Manookian initially swatted the summons from where it sat on a vehicle's trunk, causing it to fall on the ground, and then obstructed Deputy U.S. Marshal Capus from closing his car door so that Mr. Manookian could throw the summons into the Deputy's car.[4] (Id.)

---

[3] Although the individual identified by Deputy U.S. Marshal Capus as "#1 Male" claimed that Defendant Hagh had not lived at the Pelham Drive address since June, Defendant Hagh continues to use that address as her law firm's address in court filings, including in a complaint filed five days after Deputy U.S. Marshal Capus attempted service. (See, e.g., Tipping Decl. #3 at Exhibits I, J.) The Pelham Drive address remains Defendant Hagh's publicly available address on file with the Board of Professional Responsibility. (See id. at Exhibit K.) If Defendant Hagh had in fact changed her address, she would have been required to update her address with the Board of Professional Responsibility within thirty days and use her current address on court filings. See Tenn. Sup. Ct. R. 9, § 10.1; Tenn. R. Civ. P. 11.01.

[4] This is not the first time Mr. Manookian has engaged in threatening or aggressive behavior. On October 4, 2021, the Chancery Court for Davidson County upheld the decision of the Hearing Panel of the Board of Professional Responsibility ordering that Mr. Manookian be suspended from the practice of law for a period of twenty-four months and attend at least twelve hours of anger management training following a series of written communications from Mr.

## DISCUSSION

The efforts of the U.S. Marshals Service and the deliberate interference by Defendant Hagh's husband are sufficient to meet the standards required to effect service in this case. As such, Defendant Hagh was served on October 11, 2022, and a default should be entered due to her failure to timely respond.

**A. Rule 4 of the Federal Rules of Civil Procedure Requires Only "Substantial Compliance" When a Defendant is Actively Attempting to Evade Service.**

Federal Rule 4(e) provides the standards for when service is effected on a defendant. The Sixth Circuit has explained that "Rule 4 is a flexible rule which principally requires sufficient notice to the party of claims brought against it." Gottfried v. Frankel, 818 F.2d 485, 492-92 (6th Cir. 1987); see also Nashville Cmty. Bail Fund v. Gentry, 446 F. Supp. 3d 282, 299-300 (M.D. Tenn. 2020) (citing Gottfried and applying flexible interpretation to Rule 4(j)(2)(A) to find service effective); Dixie Rests., Inc. v. Philips Consumer Elecs. Co., Nos. 02-2461, 03-2506, 2005 U.S. Dist. LEXIS 44078, at *4 (W.D. Tenn. Feb. 18, 2005) (recognizing that "Courts construe provisions of Rule 4 liberally in order to uphold service, requiring only 'substantial compliance'").

Personal service does not require "in hand" delivery and acceptance of the papers. U.S. v. Granger, No. 2:17-cv-222, 2018 U.S. Dist. LEXIS 159287, at *6 (E.D. Tenn. Apr. 3, 2018). "Where a defendant attempts to avoid service *e.g.* by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant." Id. The District Court for the District of Columbia has noted that service of process should not become "a cat-and-

---

Manookian that the Court found were "abusive, intimidating, threatening, and untrue" and "made with a sinister motive." (See Tipping Decl. #3 at Exhibit L, at 3-4, 28-31.) Mr. Manookian's appeal of the Chancery Court's Order is currently pending before the Supreme Court. Two weeks after the entry of the Chancery Court's Order, the Supreme Court of Tennessee issued an order temporarily suspending Mr. Manookian from the practice of law based on two new incidents of intimidating and threatening emails sent by Mr. Manookian. (See Tipping Decl. #3 at Exhibit M.)

mouse game," "a game of hide and seek," or "a game of wiles and tricks and a defendant should not be able to defeat service simply by refusing to accept the papers or instructing others to reject service." Ali v. Mid-Atlantic Settlement Servs., Inc., 233 F.R.D. 32, 35-36 (D.D.C. 2006).

**B. Defendant Hagh's Obstructionist and Evasive Behavior Cannot Defeat Service.**

Although Defendant Hagh and her husband and former co-counsel, Mr. Manookian, have improperly turned the rules of service of process into a game of hide and seek, the interaction between the U.S. Marshals Service and Defendant Hagh's husband was sufficient to meet the "substantial compliance" standard required to complete service.

First, it is important to note that Defendant Hagh has actual notice of this lawsuit. Not only did she insist that Plaintiff file this lawsuit, but she has received at least two copies of the Complaint through the Rule 4(d) requests for waiver of service. (Doc. No. 25, PageID# 112 at ¶ 1; Doc. No. 28, PageID# 122 at ¶ 11.) See Am. Clothing Express, Inc. v. Cloudflare, Inc., No. 2:20-cv-2007, 2022 U.S. Dist. LEXIS 72814, at *7 (W.D. Tenn. Apr. 15, 2022) (quoting Rovinski v. Rowe, 131 F.2d 687, 689 (6th Cir. 1942)) (deeming service effective despite plaintiffs' technical non-compliance with Rule 4, explaining "'Civil Procedure Rule 4(d)(1) should be construed liberally [] to effectuate service where actual notice of suit has been received by the defendant.'") Defendant Hagh also has constructive notice of this case, as Plaintiff's counsel discussed this action with the attorney representing Defendant Hagh and her law firm in the pending bankruptcy proceeding for Cummings Manookian, PLC. (Doc. No. 19, PageID# 97 at ¶ 8.)

Second, prior to the interaction between the U.S. Marshals Service and Defendant Hagh's husband, Defendant Hagh repeatedly evaded service despite the Plaintiff's diligent and repeated attempts to serve her.[5] When Plaintiff's counsel engaged a private process server, no one would

---

[5] In ordering the Marshals Service to effect service of process on Defendant Hagh, this Court described Plaintiff's previous efforts to serve Defendants Keefer and Hagh as "diligent." (Doc. No. 35, PageID# 162.)

answer the door at Defendant Hagh's residence. (Doc. No. 19, PageID# 97 at ¶ 7; Doc. No. 32, PageID# 142.) When Plaintiff's counsel sought consent to serve Defendant Hagh through her attorney, Defendant Hagh's attorney advised that he was not authorized to accept service. (Doc. No. 19, PageID# 97 at ¶ 8; Doc. No. 32, PageID# 142.) And when Plaintiff's counsel mailed requests for waiver of service to two different addresses, Defendant again failed to respond despite having received the requests. (Doc. No. 25, PageID# 112 at ¶ 1; Doc. No. 28, PageID# 122 at ¶ 11; Doc. No. 32, PageID# 142.) Plaintiff's counsel also attempted to call and email Defendant Hagh, but his voice messages were not returned and Defendant Hagh blocked his emails. (Doc. No. 28, PageID# 121 at ¶ 9; Doc. No. 35, PageID# 163). Plaintiff's reasonable and diligent efforts provide reason for a flexible application of Rule 4. See, e.g., Habib v. GMC, 15 F.3d 72, 75 (6th Cir. 1994) (finding good cause existed to excuse late service under a prior version of Rule 4 because of plaintiff's "reasonable and diligent efforts to complete service").

Finally, when the U.S. Marshals Service traveled to Defendant Hagh's address to serve Defendant Hagh, her husband, Mr. Manookian, intervened. According to Deputy U.S. Marshal Capus, Mr. Manookian was "irate," swatting the summons to the ground and demanding that Deputy U.S. Marshal Capus leave the premises. (Doc. No. 45, Page ID# 265 at ¶ 5.) Deputy U.S. Marshal Capus was concerned that Mr. Manookian would cause a physical confrontation. (Id.) As Deputy U.S. Marshal Capus was attempting to leave, Mr. Manookian prevented him from closing the car door and threw the summons into the vehicle. (Id.) In other words, near the conclusion of their interaction, Defendant Hagh's husband had physical possession of the service papers, but threw them into Deputy U.S. Marshal Capus' vehicle in yet another attempt to reject service.

Despite Mr. Manookian's aggressive attempt to impede service, in light of Defendant Hagh's actual notice of the lawsuit and her repeated efforts to evade service, the interaction

6

Case 3:22-cv-00301  Document 50  Filed 02/10/23  Page 6 of 8 PageID #: 287

between Deputy U.S. Marshal Capus and Mr. Manookian was sufficient to effect service upon Defendant Hagh. While a defendant has the right to have service effected in a lawful manner, "he is not permitted to willfully evade service of process." Boles v. Lewis, No. 1:07-cv-277, 2008 U.S. Dist. LEXIS 2701, at *3-4 (W.D. Mich. Jan 14, 2008) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1155-56 (6th Cir. 1991) and Mfrs.' Indus. Relations Ass'n. v. E. Akron Casting Co., 58 F.3d 204, 206-07 (6th Cir. 1995)); see also Willie McCormick & Assocs. v. Lakeshore Eng'g Servs., No. 12-15460, 2022 U.S. Dist. LEXIS 162196, at *23-24 (E.D. Mich. Sept. 8, 2022) (citing plaintiff's refusal to accept delivery of case filings and upholding default and default judgment against him). Indeed, the First Circuit has recognized that a default judgment "provides a useful remedy when a litigant is confronted by an obstructionist adversary, and plays a constructive role in maintaining the orderly and efficient administration of justice." KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 13 (1st Cir. 2003).[6]

## CONCLUSION

The behavior of Defendant Hagh and her husband Brian Manookian creates precisely the type of situation that warrants a flexible application of Rule 4 and a finding of substantial compliance with the service obligations of Rule 4(e). As such, Defendant Hagh was served on October 11, 2022, when her husband received a copy of the service papers from Deputy U.S. Marshal Capus. More than 21 days have passed since service was completed, and Defendant Hagh

---

[6] In an older case from the Eastern District of Tennessee, the court denied the defendants' motion to set aside default and default judgment where the Marshals Service left a copy of the summons and complaint with the defendant's wife while the defendant was incarcerated. U.S. v. Knox, 79 F. Supp. 714 (E.D. Tenn. 1948). According to the court: "the Marshal's return, together with the whole record, reflects that the Marshal delivered a copy of the summons and of the complaint to Knox's wife at his dwelling place and that this meets the requirements of the Rules which provide that service may be had by leaving copies of such papers at a defendant's usual place of abode with some person of suitable age and discretion then residing therein." Id.

has not filed a responsive pleading or defense. The Clerk should enter a default against Defendant Hagh.

Respectfully Submitted,

**COUNTERPOINT LEGAL, PLC**

By:   /s/ Elizabeth S. Tipping
       Elizabeth S. Tipping, No. 023066
       Kristen M. Shields, No. 036438

2689 Union Hill Road
Joelton, TN 37080
(615) 426-5566
liz@counterpointlaw.com
kristen@counterpointlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on this the 10th day of February, 2023, via the Court's electronic filing system on the following:

Phillip G. Young, Jr.
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
phillip@thompsonburton.com

and via United States First Class mail, postage prepaid on the following:

Bretton Keefer
5554 Pumpkintown Lane
Lafayette, TN 37083

Afsoon Hagh
Hagh Law PLC
226 Pelham Drive
Brentwood, TN 37027-4237

  /s/ Elizabeth S. Tipping

8

Case 3:22-cv-00301   Document 50   Filed 02/10/23   Page 8 of 8 PageID #: 289