# Exhibit H

IN THE FIFTH CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

BRETTON KEEFER, as surviving adult )
son and next-of-kin of his deceased )
Mother, CHESTA SHOEMAKER, )
                                                  )
     Plaintiff,                       )
                                                  )
VS.                                     )      No. 19C358
                                                  )
VANDERBILT UNIVERSITY MEDICAL )
CENTER,                             )
                                                  )
     Defendant.                     )

## COURT'S ORDER ALTERING AND AMENDING THIS COURT'S ORDER OF DECEMBER 16, 2021

This cause came on to be heard on the 14th day of January, 2022, on motion by counsel for Attorney Brian Cummings for this Court to conduct a status conference regarding a hearing on Attorney Brian Cummings' request for attorney fees. Counsel for the named Plaintiffs in this case filed a response in opposition to this Motion.

On December 16, 2021, an Amended Order of Dismissal With Prejudice was signed and entered for this case.

T.C.A. Section 23-2-102 states as follows:

"Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit."

The case of *Joan C. Schmitt v. James Charles Smith*, 118 S.W.3d 353, 354 (2003) states as follows:

"Thus, '[a] trial court may declare the existence of an attorney's lien in the suit out of which the dispute regarding the attorney's fee arose, but ordinarily an

1

attorney, not being a party to the proceeding, may not obtain a judgment with respect to his or her fee in that action.' (internal citations omitted)

Although an attorney must generally commence a separate proceeding to enforce his or her contractual right to a fee, an exception has been carved out in which the trial court may exert jurisdiction where the money or property that is the subject of the lien 'comes within the control of the court in the case in which the services were rendered.' *Starks v. Browning*, 20 S.W.3d 645, 653 (Tenn.Ct.App.1999)"

This healthcare liability case was compromised and settled prior to the trial date, and since this Court never had control of the money which is the subject of the claimed lien by Attorney Brian Cummings, the above-stated exception does not apply.

The Court finds that this Court's Order of December 16, 2021 should be altered and amended as per TRCP 59.04 to provide that as per T.C.A. Section 23-2-102, since Attorney Brian Cummings was one of the attorneys of record for the Plaintiff who began this lawsuit, the Court declares the potential existence of an attorney's lien. The existence of an attorney's lien in behalf of Attorney Brian Cummings in this case is contested, and that issue must be determined by a separate proceeding.

> "Once the Court has declared an attorney's lien, the lawyer may then commence a **separate proceeding** in a court of competent jurisdiction to enforce his or her contractual right to a fee". *Starks v. Browning*, 20 S.W.3d 645, 652 (Tenn.Ct.App.1999) (emphasis added)

IT IS SO ORDERED.

_____
JUDGE JOE P. BINKLEY, JR.

2

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been mailed, postage prepaid, to:

Thomas A. Wiseman, Esq.
Bradley M. Dowd, Esq.
WISEMAN ASHWORTH LAW GROUP, PLC
511 Union Street, Suite 800
Nashville, TN 37219

Afsoon Hagh, Esq.
HAGH LAW, PLC
47 Music Square West
Nashville, TN 37203

John Edwards, Esq.
William B. Bystrynski, Esq.
Edwards Kirby, LLP
3201 Glenwood Ave., Suite 100
Raleigh, NC 27612

James W. Price, Jr.,
201 4th Avenue, North, Suite 1800
Nashville, TN 37219

on this the 18th day of January, 2022.

_____
Deputy Clerk

3