# Exhibit J

## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| THOMAS LINTHICUM and <br> DIANA SANABRIA, <br><br> Plaintiffs, <br><br> v. <br><br> BATTLE OF FRANKLIN TRUST, INC. <br> d/b/a CARNTON PLANTATION d/b/a <br> CARNTON HOUSE d/b/a CARNTON, <br> BRIGHT EVENT PRODUCTIONS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) NO. _____ <br> ) <br> ) JURY DEMAND <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

The Plaintiffs respectfully state to the Court and Jury the following:

### PARTIES, VENUE, AND JURISDICTION

1. The Plaintiffs, Thomas Linthicum and Diana Sanabria, are citizens and residents of Davidson County, Tennessee.

2. The Defendant, Battle of Franklin Trust, Inc., ("BOFT") is a 501(c)(3) organization registered in the State of Tennessee with its principal office located at 1345 Eastern Flank Circle, Franklin, Tennessee 37064. BOFT does business, alternatively, as "Carnton," "Carnton House," and "Carnton Plantation." Throughout 2019 and 2020, BOFT solicited business in Davidson County, Tennessee and from residents of Davidson County, Tennessee. BOFT may be

1

served with process at 1345 Eastern Flank Circle, Franklin, Tennessee 37064.

3. The Defendant, Bright Event Productions, Inc, ("Bright Event") is a Tennessee Corporation with its principal office located in Davidson County, Tennessee at 500 Brick Church Park Drive, Nashville, Tennessee 37207. It may be served at that address through its registered agent Charles Clinton Pilkinton.

4. Venue is proper in Davidson County Circuit Court pursuant to Tenn. Code Ann. § 20-4-104(2).

5. This Court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

## STATEMENT OF FACTS

6. Carnton or Carnton Plantation is a historic property consisting of an Antibellum-era mansion and its surrounding grounds located at 1345 Eastern Flank Circle in Franklin, Tennessee.

7. At all times relevant to this lawsuit, and from 2019 through 2021, Defendant BOFT operated Carnton Plantation. BOFT utilized Carnton to host paid events, including weddings and wedding receptions, in order to generate revenue for the use and enrichment of BOFT.

8. From 2019 through 2021, BOFT held itself and Carnton out to the public as a premier wedding and wedding reception host and venue, including by advertising itself as such throughout Middle Tennessee.

9. Defendant Bright Event Productions is a for-profit business operating

in Davidson County providing lighting, sound, electricity, and production for events. From 2019 through 2021, Bright Event Productions was the exclusive vendor for lighting, sound, and electricity for weddings and wedding receptions taking place at Carnton Plantation. During that time period, couples who contracted to have their wedding take place at Carnton were required by BOFT to use Bright Event Productions for lighting, sound, and electricity.

10. Plaintiffs Thomas Linthicum and Diana Sanabria became engaged in May 2019. In September of 2019, the Plaintiffs entered into an agreement with BOFT to host their outdoor evening wedding and outdoor night wedding reception at Carnton. *See*, **Exhibit 1.**

11. As part of the agreement, BOFT required that generator and electric power services be obtained and provided by Bright Event Productions. BOFT warranted to Plaintiffs that Bright Event Productions could and would provide suitable generator and electricity services to power the lighting, sound, heat, and electricity necessary to conduct the wedding and wedding reception.

12. On October 16, 2021, Plaintiffs held their wedding and wedding reception at Carnton for 163 guests, including 87 guests from out-of-town. Per BOFT's requirements and the Parties' Agreement, Bright Event Productions was to provide a generator or generators capable of providing sufficient power to operate the lighting, heat, and sound for the outdoor reception.

13. Bright Event Productions instead provided a substandard generator that was entirely incapable of providing even the minimum power necessary to service the wedding reception.

14. The event progressed into disaster as the night outdoor reception failed to receive adequate power, electricity, or heat. Temperatures dropped into the low 50's inside the tent-space forcing many guests to leave. The lighting went out. The band was required to perform large portions of its set without electricity and in a darkened space to the remaining guests.

15. As the disaster unfolded, BOFT and Bright Events refused to rectify the situation by providing a suitable generator, and further attempted to conceal their malfeasance by repeatedly and fraudulently representing that one or more food trucks at the venue was causing the loss in power. When advised that the food trucks were powered by their own separate generators, Defendants continued to refuse to address the situation, resulting in the wedding reception effectively ending with the mass departure of guests who could not tolerate the cold venue, which lacked suitable light or even the ability to provide the paid-for entertainment.

16. The Plaintiffs' wedding and reception were ruined as a result of Defendants' conduct. Because of Defendants' actions as well as the fundamental nature of a wedding, the years of planning required, and the logistics involved in gathering the families and guests from around the country, Plaintiffs are forever

deprived of enjoying or experiencing the momentous event that should have been one of the pinnacles and happiest moments of their lives. Their wedding day, and memories of the same, have been irretrievably spoiled.

## COUNT ONE: BREACH OF CONTRACT
## (ALL DEFENDANTS)

17. The Defendants contracted and agreed to provide Plaintiffs with sufficient electrical, sound, and lighting services to power Plaintiffs' wedding reception through the provision of a suitable generator.

18. Defendants' agreement was material and fundamental to Plaintiffs' ability to hold their wedding reception.

19. Defendants breached their agreement by failing to provide Plaintiffs with sufficient electrical, sound, and lighting services to power Plaintiffs' wedding reception through the provision of a suitable generator.

20. Defendants' breach caused damages, monetary and otherwise, to Plaintiffs.

## COUNT TWO: VIOLATIONS OF
## TENNESSEE CONSUMER PROTECTION ACT
## (ALL DEFENDANTS)

21. Defendants' acts and conduct in passing off Bright Events' services and generators as suitable for providing electricity, sound, and lighting for Plaintiffs' outdoor, night wedding reception were unfair and deceptive under the Tennessee Consumer Protection Act of 1977.

22. Specifically, Defendants represented that the generators and services had qualities and characteristics as well uses and benefits, that they did not have. Namely, Defendants represented that Bright Events services and generators were suitable and sufficient for providing power to Plaintiffs' wedding reception.

23. Defendants additionally represented that Bright Events' services and generators were or a particular standard, quality, and grade which was suitable and capable of powering Plaintiffs' event, when those services and generators were not.

24. Plaintiffs suffered a loss of money and things of value as a result of Defendants unfair and deceptive acts.

## COUNT THREE: AGENCY
## (BRIGHT EVENTS AS THE AGENT OF BOFT)

25. At all times relevant to the facts alleged in this Complaint, Bright Events was the actual and apparent agent of BOFT.

26. BOFT held out Bright Events as its exclusive provider of lighting, electricity, and sound services for events at Carnton. BOFT further required that Plaintiff utilize the services of Bright Events.

27. BOFT had the authority, and exercised the authority, to control them means and manner in which Bright Events provided services to the Plaintiffs while on the premises of Carnton, including in providing lighting, electricity, and sound to Plaintiffs' wedding reception.

## COUNT FOUR: MISREPRESENTATION
## AND BREACH OF WARRANTIES
## (ALL DEFENDANTS)

28. Defendants represented that the services and generators provided by Bright Events were of a quality and character sufficient to suitably power the Plaintiff's wedding receptions.

29. Defendants further warranted that the generator and services provided by Bright Events as expressly required by BOFT's agreement with Plaintiff were fit for the particular purpose of providing electricity, sound, and lighting to an outdoor, night wedding reception of 150 to 200 guests.

30. The Defendants' representation was not merely opinion but was made to the Plaintiffs who were expected to use Defendants' services and generators.

31. The Defendants' representations were not true.

32. The Plaintiffs justifiably relied upon the representations of the Defendants and were not aware that the representations were false.

33. The Plaintiffs' reliance of Defendants' representations was a substantial factor in causing Plaintiffs' damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

1. That proper process issue and be served upon the Defendants and the Defendants be required to appear and answer this Complaint

7

within the time required by law;

2. That the Plaintiff be awarded fair and reasonable compensatory damages not to exceed $250,000;

3. That the Plaintiffs be awarded treble damages under the Tennessee Consumer Protection Act;

4. That the Plaintiffs be awarded punitive damages to punish Defendants and deter future similar wrongful conduct;

5. That the Plaintiffs be awarded the costs of trying this action, including their attorney's fees;

6. That this action be heard by a jury;

7. That costs of this action be taxed to the Defendants;

8. That prejudgment interest be awarded to the Plaintiffs for economic damages;

9. That the Plaintiffs be awarded all and any such other and further relief as the Court deems proper; and,

10. That Plaintiffs' right to amend this Complaint to conform to the evidence be reserved.

Respectfully submitted,

*[signature]*

Afsoon Hagh, #28393
226 Pelham Drive
Brentwood, Tennessee 37027
Hagh Law PLLC
(615) 566-0937