# Exhibit M



# BOARD OF PROFESSIONAL RESPONSIBILITY
### OF THE
# SUPREME COURT OF TENNESSEE

10 CADILLAC DRIVE, SUITE 220
BRENTWOOD, TENNESSEE 37027
TELEPHONE: (615) 361-7500
(800) 486-5714
FAX: (615) 367-2480
E-MAIL: ethics@tbpr.org
Website: www.tbpr.org

**RELEASE OF INFORMATION**
**RE: BRIAN PHILLIP MANOOKIAN, BPR #026455**
**CONTACT: RUSSELL WILLIS**
**BOARD OF PROFESSIONAL RESPONSIBILITY**
**615-361-7500**

October 11, 2019

## DAVIDSON COUNTY LAWYER TEMPORARILY SUSPENDED

On October 11, 2019, the Supreme Court of Tennessee reinstated the temporary suspension of Brian Phillip Manookian from the practice of law upon finding that Mr. Manookian poses a threat of substantial harm to the public. Section 12.3 of Supreme Court Rule 9 provides for the immediate summary suspension of an attorney's license to practice law if an attorney poses a threat of substantial harm to the public.

Mr. Manookian is immediately precluded from accepting any new cases, and he must cease representing existing clients by November 10, 2019. After November 10, 2019, Mr. Manookian shall not use any indicia of lawyer, legal assistant, or law clerk nor maintain a presence where the practice of law is conducted.

Mr. Manookian must notify all clients being represented in pending matters, as well as co-counsel and opposing counsel of the Supreme Court's Order suspending his law license. Mr. Manookian is required to deliver to all clients any papers or property to which they are entitled.

This suspension remains in effect until dissolution or modification by the Supreme Court. Mr. Manookian may for good cause request dissolution or modification of the suspension by petition to the Supreme Court.

Manookian 2914-5 rel5.doc

FILED
10/11/2019
Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

IN RE: BRIAN PHILLIP MANOOKIAN, BPR #026455
An Attorney Licensed to Practice Law in Tennessee
(Davidson County)

No. M2019-00630-SC-BAR-BP
BOPR No. 2018-2914-5-WM-12.3

### ORDER REINSTATING TEMPORARY SUSPENSION

This matter is before the Court on a Petition of the Board of Professional Responsibility of the Supreme Court of Tennessee, by and through Disciplinary Counsel, for reinstatement of the temporary suspension of Brian Phillip Manookian from the practice of law, pursuant to Tenn. Sup. Ct. R. 9, § 12.3. The Petition was authorized by the Chair of the Board of Professional Responsibility and is supported by the affidavit of attorney Thomas Wiseman.

On September 21, 2018, Mr. Manookian was temporarily suspended from the practice of law by this Court, pursuant to Tenn. Sup. Ct. R. 9, § 12.3, based on a finding that he posed a threat of substantial harm to the public. Mr. Manookian sought dissolution of the temporary suspension by filing a Verified Petition for Dissolution or Amendment of Order of Temporary Suspension; on November 21, 2018, this Court entered an Order denying Mr. Manookian's petition. Mr. Manookian filed a second request for the same relief by filing a Petition for Dissolution of Order of Temporary Suspension; on February 27, 2019, this Court entered an Order denying this petition as well.

On April 9, 2019, Mr. Manookian filed a Petition for Dissolution of Order of Temporary Suspension. On May 17, 2019, this Court entered an Order granting Mr. Manookian's petition, dissolving the temporary suspension of Mr. Manookian's law license. The May 17, 2019 order dissolved the temporary suspension subject to Mr. Manookian's ongoing compliance with conditions set forth in the panel's Report and Recommendations on Third Petition for Dissolution of Order of Temporary Suspension.

On June 24, 2019, the Board filed the instant petition for reinstatement of the temporary suspension of Mr. Manookian's law license. On July 19, 2019, this Court referred the matter to a panel for a formal hearing on whether the Court should reinstate Mr. Manookian's temporary suspension. The matter was specifically referred to the Panel that had heard Mr. Manookian's second and third petitions for dissolution on January 30, 2019, and April 26, 2019, respectively. The Court also ordered the Board to submit to

this Court by August 18, 2019, the Panel's report and recommendation as to whether the temporary suspension should be reinstated.

On August 6, 2019, the Board filed a supplemental petition to reinstate the temporary suspension of Mr. Manookian's law license, along with an accompanying exhibit. By order entered by this Court on August 15, 2019, this supplemental petition was referred to the same Panel for review and formal hearing. Also on August 15, 2019, this Court granted the Panel's request for an extension of time until August 30, 2019, for filing its report and recommendation, because the hearing could not be set until August 23, 2019. On August 23, 2019, this Court granted the Panel's second request for extension for filing its report and recommendation until September 20, 2019, due to a medical emergency of one of the Panel members. On September 18, 2019, this Court granted the Panel's third request for extension for filing its report and recommendation until October 15, 2019, because Mr. Manookian claimed he had suffered a medical emergency.

The Panel conducted its hearing on reinstatement of the temporary suspension on September 26, 2019. The Panel filed its report and recommendation on October 7, 2019.[1]

On October 4, 2019, Mr. Manookian filed a "Motion to Dismiss Supplemental Petition to Reinstate Temporary Suspension and Objection to Report and Recommendation." Mr. Manookian argues that the petition and report and recommendation fail to provide a sufficient factual basis to reinstate a temporary suspension pursuant to Rule 9, section 12.3. He also argues that two members of the Panel should have recused themselves because they are defendants in a federal lawsuit that Mr. Manookian has filed against them.

On October 9, 2019, Mr. Manookian filed a supplement to his motion to dismiss in which he reiterates his argument of bias of the Panel members. Additionally, he argues that Rule 9, section 12.3, is unconstitutional on its face and as applied to Mr. Manookian as depriving him of his due process rights under the 14th Amendment. Upon review of Mr. Manookian's motion and attached exhibits, as well as the supplement to his motion, the Court respectfully DENIES the motion.

On October 4, 2019, Mr. Manookian also filed a motion to place under seal the Panel's report and recommendation. The motion states that the Panel does not oppose the motion. Mr. Manookian filed a supplemental motion as well, asking the Court to also place under seal page 19 of his October 4, 2019 "Motion to Dismiss…" and the last page of Exhibit A to that motion.

---

[1] Although the report and recommendation was filed with this Court on October 7, 2019, the report states that it was signed and submitted on October 3, 2019. It appears that Mr. Manookian received the report and recommendation shortly thereafter, based on the three responsive motions he filed on October 4, 2019.

2

Upon review, the Court GRANTS Mr. Manookian's request to place under seal page 19 of his October 4, 2019 "Motion to Dismiss..." and the final page of Exhibit A to that motion. The Court DENIES without prejudice Mr. Manookian's motion to place the Panel's report and recommendation under seal, based on the lack of specificity in the motion. Mr. Manookian has ten days from the filing of this Order in which to file a motion seeking redaction of the Panel's report and recommendation, specifying exactly what parts he contends should be redacted, along with the ground and legal basis for each redaction sought.

In its Report and Recommendation, the Panel outlined testimony at the hearing, including testimony by Mr. Manookian, regarding two incidents. In the first incident, the Panel found that Mr. Manookian improperly communicated directly with the client of opposing counsel by sending the client an email designed to intimidate the client and undermine the client's relationship with the client's attorney. In the second incident, the Panel found that Mr. Manookian intentionally sent another opposing counsel an email that contained a photograph of the opposing counsel's wife, personal information regarding his wife, and a photograph of opposing counsel's home, causing opposing counsel to be fearful for the safety of his family. The Panel rejected Mr. Manookian's explanations for these incidents and noted that Mr. Manookian has previously been disciplined for sending threatening and coercive emails regarding the families of opposing counsel. The Panel concluded that Mr. Manookian had violated a condition of the Order granting his Petition for Dissolution of Order of Temporary Suspension.

Based upon the Court's review of the Board's petition to reinstate temporary suspension, the Board's supplemental petition to reinstate temporary suspension, and the supporting affidavit and exhibits for both petitions, as well as the Panel's report and recommendation, the Court adopts the Panel's finding that Brian Phillip Manookian, Respondent, has violated a condition of the Order Granting Petition for Dissolution of Order of Temporary Suspension.

The Court finds as well that Mr. Manookian poses a threat of substantial harm to the public.

For these reasons, the Court determines that it should reinstate the temporary suspension of Mr. Manookian's law license.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The temporary suspension of Brian Phillip Manookian from the practice of law as provided in Tenn. Sup. Ct. R. 9, § 12.3, is hereby reinstated.

3

Case 3:22-cv-00301   Document 51-13   Filed 02/10/23   Page 5 of 6 PageID #: 411

2. Brian Phillip Manookian shall comply with Tenn. Sup. Ct. R. 9 in all respects and particularly as provided in Tenn. Sup. Ct. R. 9, § 28, regarding the responsibilities of suspended attorneys.

3. Brian Phillip Manookian may make application for dissolution or modification of this Order as provided in Tenn. Sup. Ct. R. 9, § 12.3.

4. The Board of Professional Responsibility shall cause notice of this suspension of Brian Phillip Manookian to be published as required by Tenn. Sup. Ct. R. 9, § 28.11.

PER CURIAM

4

Case 3:22-cv-00301   Document 51-13   Filed 02/10/23   Page 6 of 6 PageID #: 412